UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMEL PURNELL,

                                  Plaintiff,

    -against-                                                                9:18-CV-1249 (LEK/TWD)

NEW YORK STATE DEPARTMENT
OF CORRECTIONS AND COMMUNITY
SUPERVISION, *et al.*,

                                 Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Jamel Purnell, who is in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this action in the Southern District of New York on February 21, 2018 and applied to proceed in forma pauperis ("IFP"). See Dkt. Nos. 1 ("Original IFP Application"), 2 ("Complaint"), 3 ("Inmate Authorization Form"). He also moved to be appointed pro bono counsel. Dkt. No. 4 ("Counsel Motion"). Based on the allegations in the Complaint, Colleen McMahon, U.S. District Judge, transferred the matter to this District. Dkt. No. 5. On October 23, 2018, this Court administratively closed the action because Plaintiff's Original IFP Application was incomplete. Dkt. No. 8. On November 5, 2018, Plaintiff filed a renewed IFP Application. Dkt. No. 9 ("IFP Application"). The Clerk of the Court has therefore reopened the matter and referred the Complaint, IFP Application, and Counsel Motion to the Court for review.

## II.   IFP APPLICATION

28 U.S.C. § 1915 "permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged."[1] Cash v. Bernstein, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee at the time . . . of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." Id. (citing 28 U.S.C. § 1915(b); Harris v. City of N.Y., 607 F.3d 18, 21 (2d Cir. 2010)).

Plaintiff's IFP Applicaton is completed, signed, accompanied by the required Inmate Authorization Form, and demonstrates economic need. Accordingly, the IFP Application is granted.

## III.   SUFFICIENCY OF THE COMPLAINT

### A.  Legal Standard

When a prisoner seeks to proceed IFP against a government officer, the Court must review the complaint to "identify cognizable claims," § 1915A, and dismiss any that are "(i) frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief," id.; § 1915(e)(2)(B).

---

[1] Section 1915(g) prohibits a prisoner from proceeding IFP where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). The Court has reviewed Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service. PACER Case Locator, https://pcl.uscourts.gov/pcl/pages/search/findPartyAdvanced.jsf (last visited Dec. 3, 2018). Based on that review, it does not appear that Plaintiff had accumulated three strikes for purposes of Section 1915(g) as of the date this action was commenced.

An action is "frivolous" if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To state a valid claim and open the door to discovery, a complaint must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In determining whether a complaint states a "plausible" claim, the Court may disregard "legal conclusions couched as factual allegations" that are "devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, "[w]hen there are well-pleaded factual allegations," a court must take them as true, id. at 679, and "draw[] all reasonable inferences in the plaintiff's favor," Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). To "'nudge[] [his or her] claims across the line from conceivable to plausible,'" a plaintiff need only "'raise a reasonable expectation that discovery will reveal evidence'" of the wrongdoing alleged, "'even if it strikes a savvy judge that actual proof of those facts is improbable.'" Citizens United v. Schneiderman, 882 F.3d 374, 380 (2d Cir. 2018) (quoting Twombly, 550 U.S. at 556–57, 570).

Where, as here, a plaintiff is litigating pro se, the Court must construe his or her pleadings "liberally and interpret[] them to raise the strongest arguments that they suggest." Sykes v. Bank of Am., 723 F. 3d 399, 403 (2d Cir. 2013). It should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983).

**B. Summary of the Complaint**

Plaintiff alleges that he was confined in Mid-State Correctional Facility, a prison operated by DOCCS, eight days beyond his "max-out date," the date his sentence expired. Compl. at 3. In

3

addition, Plaintiff alleges that when he was finally released, Defendants did not adequately prepare him for re-entry into society and, as a result, he violated parole within three weeks. Id. at 4 ("I didn't receive proper help from discharge planning upon my release, which I find myself back in custody after 3 weeks on parole."). Plaintiff names DOCCS and Mid-State as defendants. Id. at 1–2. He and seeks compensatory damages, attorneys' fees, and costs. Id. at 4.

### C. Analysis

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights [but] provides . . . only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). To state a cognizable claim under § 1983, a complaint must allege "(1) 'that some person has deprived [the plaintiff] of a federal right,' and (2) 'that person who has deprived [the plaintiff] of that right acted under color of state law.'" Velez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005) (quoting Gomez v. Toledo, 446 U.S. 635, 640 (1980)). DOCCS and Mid-State, as a state agency and a correctional facility operated by it, are not "persons" for purposes of § 1983 and are therefore may not be sued under it. Will v. Mich. Dep't of State Police, 491 U.S. 58, 63 (1989).

DOCCS is also shielded from suit under the doctrine of sovereign immunity. The Supreme Court has construed the Eleventh Amendment as "confirm[ing]" a principle "implicit in the Constitution" that states may not be sued without their consent. Alden v. Maine, 527 U.S. 706, 728 (1999). States and their agencies are entitled to sovereign immunity unless Congress unequivocally abrogates it or the state expressly consents to suit. Gollomp v. Spitzer, 568 F.3d

4

355, 365–66 (2d Cir. 2009). Neither Congress nor the State of New York has waived New York's sovereign immunity against § 1983 claims. Quern v. Jordan, 440 U.S. 332, 340–42 (1979); Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38–40 (2d Cir. 1977). Therefore, Plaintiff's claim against DOCCS, a New York State agency, is barred by sovereign immunity.[2] See Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002) (affirming dismissal of § 1983 claims against DOCCS on sovereign immunity grounds).

Accordingly, the Complaint must be dismissed.

**D. Leave to Amend**

In light of Plaintiff's pro se status, the Court will allow him an opportunity to file an amended complaint naming as defendants the individual state officers, if any, who he believes are responsible for the misconduct alleged in the Complaint. See Gomez v. USAA Fed. Savs. Bank, 171 F.3d 794, 796 (2d Cir. 1999) ("[A] pro se plaintiff who is proceeding in forma pauperis should be afforded the . . . opportunity . . . to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."). Any amended complaint must bear Plaintiff's original signature and must be a complete pleading that will supersede and replace the original Complaint in its entirety. The amended complaint must also name one or more defendants and set forth a short and plain statement of the facts on which Plaintiff relies in

---

[2] In Ex Parte Young, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity when an individual sues to enjoin a state official from violating federal law. A suit may therefore proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when the plaintiff "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." In re Deposit Ins. Agency, 482 F.3d 612, 618 (2d Cir. 2007). In this case, however, Plaintiff has not alleged that Defendants' constitutional violations are ongoing, nor does he seek prospective relief.

support of his claim that the individual(s) named as defendants engaged in misconduct or wrongdoing that violated Plaintiff's constitutional rights. Plaintiff is advised that if he fails to submit an amended complaint within thirty days of the filing date of this Decision and Order, this case will be dismissed without further order of the Court.

## IV.  COUNSEL MOTION

Section 1915(e) permits the Court to "request an attorney to represent any person unable to afford counsel."

> In deciding whether to appoint counsel, however, the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (citing Hodge v. Police Officers, 802 F.2d 58, 61–62 (2d Cir. 1986)).

Since Plaintiff has not yet identified any defendant amenable to suit under § 1983, the Court cannot say his claims are "likely of substance." Hendricks, 114 F.3d at 392. In addition, Plaintiff has not shown that he is unable to identify the appropriate defendants without the assistance of counsel. Accordingly, the Counsel Motion is denied without prejudice to renewal after Plaintiff files an amended complaint.

## V.  CONCLUSION

Accordingly, it is hereby:

6

**ORDERED**, that Plaintiff's IFP Application (Dkt. No. 9) is **GRANTED**.[3] The Clerk shall provide the superintendent of the George R. Vierno Center, the prison in which Plaintiff is currently confined, with a copy of Plaintiff's Inmate Authorization Form (Dkt. No. 3), and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk shall provide a copy of Plaintiff's Inmate Authorization Form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Counsel Motion (Dkt. No. 4) is **DENIED without prejudice**; and it is further

**ORDERED**, that if Plaintiff seeks to proceed with this action, he shall file an amended complaint within **thirty days** of the filing of this Decision and Order. If no amended complaint is filed within thirty days, this case will be dismissed without further order; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

DATED:    December 07, 2018
               Albany, New York

*[signature]*
Lawrence E. Kahn
U.S. District Judge

---

[3] Plaintiff should note that, although his IFP Application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.